# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE BUSTOS, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:19-CV-997 |
| FLAGSTAR BANK F.S.B. AND PINGORA LOAN SERVICING, LLC, | § § § § | |
| *Defendants*. | § § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Flagstar Bank F.S.B. ("Flagstar") and Pingora Loan Servicing, LLC ("Pingora") (collectively "Defendants") hereby give notice of the removal of the state court civil action described below. As grounds for the removal, Defendants respectfully state the following:

## I. INTRODUCTION

1. On July 18, 2019, Plaintiff George Bustos ("Plaintiff") filed his Original Petition, thereby instituting a suit numbered and styled as Cause No. 2019-CI14310, *George Bustos v. Flagstar Bank F.S.B. and Pingora Loan Servicing, LLC,* in the 73rd Judicial District Court of Bexar County, Texas (the "Petition"). On August 2, 2019 the 73rd Judicial District Court entered a Temporary Restraining Order in that matter.

2. In the Petition, Plaintiff brings suit against Defendants asserting issues with the foreclosure of a mortgage loan obtained by Plaintiff for the purchase of real property located at 5918 Garnet Caverns, San Antonio, Texas 78222 (the "Property"). Plaintiff brings causes of action for breach of contract and violation of the Texas Deceptive Trade Practices Act, and seeks temporary and permanent injunctive relief preventing the foreclosure of the Property.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4. Less than thirty days have passed since Plaintiff initially filed his Petition. Therefore, Defendants' Notice of Removal falls within the 30-day period required by statute and is timely. [1]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  Complete diversity exists.

6. Complete diversity exists because Plaintiff and Defendants are not citizens of the same state.

7. Plaintiff is a resident of Bexar County, Texas and is considered a citizen of Texas. [2]

8. Defendant Flagstar is a federally chartered savings bank whose principal place of business is in the State of Michigan. [3] Flagstar is not incorporated in Texas, nor does it maintain a principal place of business in Texas. Therefore, Flagstar is a citizen of Michigan. [4]

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[2] *See* Petition, pg. 2, ¶4.
[3] *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.
[4] *See* 28 U.S.C. § 1332(c).

9. Pingora Loan Servicing, LLC is a Delaware limited liability company with its principal offices in Denver, Colorado. An LLC's citizenship is determined by the citizenship of its members.[5] Pingora Loan Servicing, LLC is owned by three classes of members who are citizens of Delaware and North Carolina. Thus, Pingora is not a citizen of Texas.

10. Plaintiff is a citizen of Texas but Defendants are citizens of Michigan, Delaware and North Carolina. Therefore, complete diversity among the parties exists.

**B.    The amount in controversy exceeds $75,000.00.**

11. In the Petition, Plaintiff seeks temporary and permanent injunctive relief to prevent a foreclosure sale of the subject Property.[6] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7]

12. When the object of the mortgagor's litigation is the protection of his or her entire property, the fair market value of the property is the proper measure of the amount in controversy.[8] In this instance, the value of the subject property, 16323 Boulder Pass Street, San Antonio, Texas 78247, amounts to at least $195,340.00.[9] Therefore, based on the value of the relief sought by Plaintiff in the Petition the amount in controversy exceeds $75,000.00.

---

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] *See* Petition, pg. 3, ¶¶9-10, and pg. 10, Prayer.
[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[8] *Id.*
[9] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV. **VENUE**

13.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending state court action.[10]

## V. **ADDITIONAL REQUIREMENTS**

14.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

15.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

16.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

17.     Plaintiff did demand a jury trial in the Petition.

18.     WHEREFORE, having satisfied the requirements for removal, Defendants Flagstar Bank F.S.B. and Pingora Loan Servicing, LLC give notice that Cause No. 2019-CI14310, originally filed in the 73rd Judicial District Court of Bexar County, Texas, has been removed to this Court.

---

[10] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Bexar County).

Respectfully submitted,

By: */s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
**MATTHEW A. KNOX**
State Bar No. 24071102
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone :  (713) 520-1900
Facsimile:   (713) 520-1025
mmanning@mcglinchey.com
mknox@mcglinchey.com

*Attorneys for Defendants Flagstar Bank F.S.B. and Pingora Loan Servicing, LLC*

## CERTIFICATE AND NOTICE OF FILING

I certify that on August 15, 2019, this Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via email and/or via certified mail/return receipt requested upon the counsel for Plaintiff.

*/s/ Matt D. Manning*
**MATT D. MANNING**

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*Via Email and/or Via Certified Mail/RRR*
Kenneth E. Grubbs
Forum Building
8000 IH-10 West, Ste 740
San Antonio, Texas  78230
lawofficeofkennethgrubs@gmail.com
*Counsel for Plaintiff*

*/s/ Matt D. Manning*
**MATT D. MANNING**